FILED
U.S. DISTRICT COURT
W.D.N.Y. BUFFALO

2006 DEC 22 AM 11: 56

-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

FRANK IGWEBUIKE ENWONWU,

        Petitioner,

        -v-

**DECISION AND ORDER**
06-CV-0834Sr

MICHAEL CHERTOFF,
Secretary, Department of Homeland Security, and
DIRECTOR MULE, Director, Buffalo Federal Detention Center,

        Respondents.

---

## **INTRODUCTION**

Petitioner Frank Igwebuike Enwonwu is presently administratively detained at the Buffalo Federal Detention Facility pending removal. Morton Sklar, Executive Director, World Organization for Human Rights USA, has filed a petition and amended petition[1] for habeas corpus, pursuant to 28 U.S.C. § 2241, on petitioner's behalf as a "next friend" based on instructions provided by petitioner and petitioner's inability or unavailability to file the petition on his own. (Docket Nos. 1, 3).[2] The amended petition challenges petitioner's administrative detention pending removal, and notes that there is presently pending in the United States Court of Appeals for the First Circuit a petition for review

---

[1] Apparently, the initial petition failed to include attachments that were intended to be filed with the petition, and the amended petition was filed and includes the attachments. (Docket No. 3).

[2] Mr. Sklar's ability to file the instant matter as a "next friend" of petitioner may be addressed at a later date, if necessary.

challenging petitioner's order of removal.[3] Mr. Sklar has also filed a motion for stay of petitioner's removal pending determination of the instant matter. (Docket No. 2).

For the following reasons, the motion for a stay of removal is denied without prejudice and the amended petition will be directed to be served on respondents. The REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (codified at 8 U.S.C. § 1252), divested federal district courts of jurisdiction over petitions for habeas corpus relief challenging final orders of removal and because the Court has no jurisdiction to review the merits of the removal order, it also lacks jurisdiction under the REAL ID Act to entertain petitioner's motion for a stay of removal. As to the amended petition which appears to challenge petitioner's continued administrative detention pending removal, the Clerk of the Court will be directed to serve a copy of said petition on respondents and the respondents will be directed to answer said petition as set forth below.

## DISCUSSION

On May 11, 2005, Congress enacted the Real ID Act, which became effective that same day. REAL ID Act of 2005, Pub. L. No. 109-13, § 106(b), 119 Stat. 231 (2005). Specifically, section 106(a)(1)(B), amends § 242(a) of the

---

[3]Attached to the amended petition is an Amended Decision of the Board of Immigration Appeals, dated December 4, 2006, vacating an Order of the Board, dated September 19, 2006, incorporating by reference the text of the vacated September 19, 2006 Order, with one exception on page five of the Order which was corrected to read: "The DHS appeal is sustained." The Amended Order further states: "The respondent is ordered removed from the United States to Nigeria." (Docket No. 3, Attachment to Amended Petition).

2

Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1252 (2000), and adds the following jurisdictional provision:

> (5) Exclusive Means of Review – Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals[4] in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this Act . . . .

REAL ID Act, § 106(a)(1)(B)(5).

The amended petition states that the "[p]etition is not subject to the restrictions on the exercise of Habeas Corpus rights under the REAL ID Act because [it] is focused on the issue of [p]etitioner's unlawful detention and do[es] not challenge the deportation proceedings themselves." (Docket No. 3). Therefore, to the extent the amended petition is not challenging petitioner's final order of removal and appears to be limited to the issue of petitioner's administrative detention it may proceed at this time.[5]

Additionally, this Court and other district courts throughout the country have held that because district courts have no jurisdiction to review final orders of removal, they have no jurisdiction to review requests for stays of removal. *E.g., Sikder v. Gonzalez*, No. 05cv01833WYDMJW, 2006 WL 1149153, at *5 (D. Col.,

---

[4]The "appropriate court of appeals" is "the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." INA, § 242(b)(2), 8 U.S.C. § 1252(b)(2).

[5]To the extent the amended petition may be read to be challenging petitioner's final order of removal, the Court does not have jurisdiction over that part of the amended petition.

3

April 28 ,2006) ("Nevertheless, pursuant to the [REAL ID] Act, this court is without jurisdiction to hear the petitioner's claims or to grant him the relief he seeks in his motion, such as a stay of the order of removal.") (Order Affirming and Adopting Magistrate Judge's Report and Recommendation) (citations omitted); *Morillo v. DHS & Bice Detention Center,* No. 9:06-CV-340 (NAM)(DEP), 2006 WL 1007645, at *1 (N.D.N.Y., April 17, 2006) ("[m]oreover, to the extent that Petitioner is only seeking a stay of his removal, this Court would also be without jurisdiction to address this request."); *Rodney v. Gonzalez*, No. 05 CV 3407, 2006, WL 73731, at *2 (E.D.N.Y. Jan. 10, 2006) ("By depriving district courts of jurisdiction to hear cases challenging final orders of removal, Congress necessarily deprived district courts of jurisdiction to grant stays of removal in such cases. Under INA § 242(b)(3)(B), 8 U.S.C. § 1252(b)(3)(B), the only court that may issue a stay is the court that will issue a 'decision on the petition.'"); *Aime v. Department of Homeland Security*, No. 05-CV-0544F, 2005 WL 1971894, *1 (W.D.N.Y. Aug. 16, 2005) ("since petitioner challenges an order of removal within the meaning of the REAL ID Act, § 106(b) . . . this Court has no jurisdiction to review the merits of the petition or to stay the order of removal."); *Munoz v. Gonzalez*, No. 05 Civ. 6056(SHS), 2005 U.S. Dist. LEXIS 14014 (S.D.N.Y. July 11, 2005) (district court lacks jurisdiction to review merits of a petition challenging a removal order or to stay the order of removal).

Moreover, and importantly, the Court notes that the United States Court of Appeals for the First Circuit's Case Summary (Docket Sheet) in *Enwonwu v. Gonzalez*, 06-2547, indicates that on December 15, 2006 the First Circuit denied petitioner's motion for a stay of removal "for the same reasons it had denied petitioner's previous motions for a stay, namely, his unlikelihood of prevailing on the merits of his petition." Therefore, it appears that petitioner by his "next friend" may be attempting to obtain here what he has been unable to obtain from the Court with actual jurisdiction to grant a stay of removal.

Accordingly, petitioner's motion for a stay of removal (Docket No.34) must be denied without prejudice.

### ORDER

IT HEREBY IS ORDERED as follows:

1. Petitioner's motion for a stay of removal (Docket No. 3) is denied without prejudice.

2. Within **45 days** of the service of this Order, respondents shall file an answer to the amended petition with the Clerk of Court (and also serve a copy upon the petitioner) which shall respond to the allegations of the amended petition and shall state, as to every ground raised by the petitioner, whether the petitioner has exhausted administrative remedies. Alternatively, in the appropriate case, respondents may file a motion to dismiss the amended petition, accompanied by pertinent exhibits which demonstrate that an answer to that part

of the petition challenging petitioner's continued detention pending removal is unnecessary, by no later than **45 days** from service of this Order.

Respondents also shall file by the above date a **memorandum of law** with the Clerk of Court (and also serve a copy upon the petitioner) addressing each of the issues raised in that part of the petition challenging petitioner's continued detention pending removal and including citations of relevant supporting authority. Respondents are directed to accompany all citations to sections of the Immigration and Naturalization Act with reference to the appropriate sections of 8 U.S.C.

Petitioner shall have **25 days** upon receipt of the answer to file a written response to the answer and memorandum of law (or motion to dismiss).

3. The Clerk of Court shall serve a copy of the amended petition, together with a copy of this Order, by certified mail, upon the following:

- Petitioner's custodian, Superintendent of the Buffalo Federal Detention Center, 4250 Federal Drive, Batavia, New York 14020;

- Buffalo Field Office Director, Detention & Removal Office, Immigration and Customs Enforcement Department of Homeland Security, 38 Delaware Avenue, Buffalo, NY 14202;

- Secretary, U.S. Department of Homeland Security, Washington, D.C. 20528;

- Acting Director, Bureau of Immigration and Customs Enforcement, 425 I Street, NW Washington, DC 20536;

- Attorney General of the United States, Main Justice Building, 10th and Constitution Avenues N.W., Washington, DC 20530;

- United States Attorney for the Western District of New York, 138 Delaware Avenue, Buffalo, New York 14202;

- James W. Grable, District Counsel for the Department of Homeland Security, 130 Delaware Avenue, Room 203, Buffalo, New York 14202.

**THE PETITIONER MUST FORWARD A COPY OF ALL FUTURE PAPERS AND CORRESPONDENCE TO THE ATTORNEY APPEARING FOR THE RESPONDENT.**

IT IS SO ORDERED.

*/s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated:   Dec. 22, 2006